# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WILBUR LELAND PHILLIPS II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-470-TLS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| ACTING COMMISSIONER OF THE | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Wilbur Leland Phillips II seeks review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability and disability insurance benefits. The Plaintiff, proceeding pro se in the instant action, argues that the Commissioner wrongfully denied him Social Security Disability benefits and erred by failing to adequately consider the Plaintiff's credibility and by overemphasizing his ability to perform daily living activities.

## BACKGROUND

On August 1, 2014, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, alleging disability beginning on March 18, 2014. (R. 12.) His claim was denied initially and upon reconsideration. (*Id.*) On November 2, 2016, the Plaintiff appeared with counsel, as well as with a non-attorney representative, and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Dale A. Thomas, a vocational expert, also appeared and testified at the hearing. (*Id.*) On February 15, 2017, the ALJ denied the Plaintiff's application,

finding he was not disabled as of his alleged onset date. (R. 12–23.) On September 13, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–4.)

On November 9, 2017, the Plaintiff filed this claim in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA from his alleged onset date. (R. 14.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff has the severe impairments of "degenerative disc disease of the cervical, thoracic, and lumbar spine, status post cervical and lumbar fusion." (R. 14.) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic

mental and physical demands of work. (R. 14–15.) The ALJ found that the Plaintiff's other alleged or diagnosed impairments, including bilateral carpal tunnel syndrome, depressive disorder, and unspecified anxiety disorder, were non-severe. (R. 15–17.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things he can still do physically, despite his limitations—to determine whether he can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that he had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b) except that:

> [T]he claimant can occasionally push and/or pull with the bilateral upper extremities, he can occasionally climb ramps and stairs, he can never climb ladders, ropes or scaffolds, he can occasionally balance, stoop, kneel, crouch and crawl, he can occasionally reach overhead with the bilateral upper extremities, and he should avoid work activity involving vibratory hand tools.

(R. 18.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of his alleged onset date. The ALJ evaluated the objective medical evidence and the Plaintiff's subjective symptoms and found that the Plaintiff's medically determinable impairments could

3

reasonably be expected to cause some of the alleged symptoms. (R. 19.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (R. 19–20.) The Plaintiff testified that he had difficulty with stabbing back and neck pain as well as both of his hands occasionally feeling like he had needles in them, and that his pain became worse when mowing the lawn, washing dishes, prolonged standing or sitting, bending over, and raising his arms. (R. 19.) He stated that he can walk around the block with his granddaughter, can lift and carry a gallon of milk, sit for 20 minutes, and stand 15 to 20 minutes. (*Id.*) He is able to mow the lawn in 20 minute intervals but must sit in a recliner with his feet up after each interval (*Id.*) He also testified that, on some days, he had to lay down for an hour, up to three times per day (*Id.*)

The ALJ concluded that the Plaintiff's subjective testimony was not supported by the objective medical evidence and treatment records. (R. 20–21.) The ALJ also found that the Plaintiff's activities of daily living did not support the Plaintiff's testimony, noting that "the claimant drives, helps with housework, vacuums, mows the lawn, takes care of pets, prepares meals, shops in stores, and handles finances." (R. 21.) Moreover, in March 2016, there is evidence that the Plaintiff was carrying furniture, which the ALJ found to be inconsistent with the degree of disability alleged (*Id*.) The ALJ also cited the fact that the Plaintiff continued to work for many years following spinal fusion surgeries in 2001 and 2009. (R. 20.)

The Plaintiff has past relevant work as a store laborer/warehouse worker, forklift operator, insulation packer, cupola operator, and janitor. (R. 22.) According to the vocational expert, this work ranges from unskilled to semiskilled and was performed by the Plaintiff at the medium to very heavy exertional levels. (*Id.*) Thus, the ALJ concluded that the Plaintiff was not

capable of performing any past relevant work. (*Id.*) However, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act. (R. 23.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. A court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the

evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [his] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the ALJ placed undue weight on his ability to conduct daily living activities and did not adequately weigh the credibility of his testimony.

An individual's daily activities are among the factors that an ALJ must consider in making a credibility determination. *See Craft*, 539 F.3d at 660. "An ALJ is in the best position to determine the credibility of witnesses," and a credibility determination will be overturned "only if it is patently wrong." *Id.* at 678; *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) ("Only if the trier of fact grounds his credibility finding in an observation or argument that is unreasonable or unsupported . . . can the finding be reversed."). The ALJ's "unique position to observe a witness" entitles his opinion to great deference. *Nelson v. Apfel*, 131 F.3d 1228, 1237

(7th Cir. 1997). "[T]he ALJ should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Similia v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (citing 20 C.R.F. § 404.1529(c)(2)–(4) and *Prochaska*, 454 F.3d at 738). A credibility determination does not need to be flawless. *Id.* "[A] credibility determination will stand as long as there was some support in the record even if some of the ALJ's credibility determinations were a bit harsh." *Whetzel v. Astrue*, No. 1:07-CV-210, 2009 WL 537640, at *2 (N.D. Ind. Mar. 4, 2009) (citing *Berger*, 516 F.3d at 546).

In this case, the ALJ evaluated the Plaintiff's credibility by looking to his daily living activities, the objective medical evidence (or lack thereof), and the fact that the Plaintiff continued to work after multiple spinal surgeries.

There are multiple flaws with the ALJ's credibility determination. Social Security "regulations and cases, taken together, require an ALJ to articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a bases for a negative credibility finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). Further, the Seventh Circuit has emphasized that there are "critical differences between activities of daily living and activities in a full-time job" including flexibility in scheduling, possible help from family members, and lack of minimum performance standards; and "[t]he failure to recognize these differences is a recurrent . . . feature of opinions by administrative law judges in social security disability cases." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also Herrold v. Colvin*, No. 2:13-CV-360, 2015 WL 1243293, at *6 (N.D. Ind. Mar. 17, 2015) ("[T]he Seventh Circuit has repeatedly criticized

credibility determinations that are based on a plaintiff's ability to take care of his personal hygiene, children, or household chores as these alone are not sound bases for a credibility determination.") (citing *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009)).

In this case, the ALJ failed to articulate why the Plaintiff's daily living activities were incompatible with his subjective testimony or how his daily living activities demonstrated that he could hold a full-time job. *See Pinder v. Astrue*, No. 3:09-CV-363, 2010 WL 2243248, at *5 (N.D. Ind. June 1, 2010) ("Although objective medical evidence and daily activities are appropriate factors to consider, the ALJ failed to articulate how these factors supported or contradicted any particular claims made by the Plaintiff."). The ALJ also does not appear to have to considered the modifications and help that the Plaintiff required in order to complete the referenced daily activities. For example, the ALJ cited the Plaintiff's ability to mow his lawn (R. 21) but failed to acknowledge that, because the Plaintiff could only do so in twenty minute increments and because he could not continue at all after an hour and a half, it took him over two days to complete such a task (R. 82–83). The ALJ noted that the Plaintiff walks around the block with his granddaughter (R. 21), but failed to mention that a block represents the outside limit on the distance the Plaintiff can walk before needing to sit down (R. 84). The ALJ notes that the Plaintiff helped with housework and did laundry (R. 21) but did not acknowledge the difficulty that the Plaintiff testified he experienced when attempting such tasks or that he could perform such tasks only after having taken a pain pill (R. 116–17). While the ALJ did note that the Plaintiff's adult son helps with household chores, the ALJ did not inquire as to the extent or type of that help and did not otherwise articulate how impactful the son's assistance may have been to the Plaintiff's ability to conduct daily living activities.

In short, although the ALJ cited the Plaintiff's ability to perform daily living activities, the ALJ appears to have "ignored [the Plaintiff's] qualifications as to *how* he carried out those activities." *Craft*, 539 F.3d at 660 (emphasis in original); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248–49 (6th Cir. 2007) (finding fault where the ALJ "fail[ed] to examine the physical effects coextensive with [the] performance" of daily activities and "failed to note or comment upon the fact that [the claimant] receive[d] assistance of many everyday activities and even personal care from her children"). Courts have repeatedly found fault with decisions where the ALJ noted that the claimant could perform daily activities but failed to examine the physical or mental consequences of performing those activities and the claimant's need for assistance or modifications. *See, e.g.*, *Sneed v. Berryhill*, No. 2:16-CV-195, 2017 WL 4325303, at *3 (N.D. Ind. Sept. 29, 2017) ("If the ALJ wishes to hold Plaintiff's daily activities against her, he must . . . discredit Plaintiff's claims of how much her children help with the activities."); *Herrold v. Colvin*, No. 2:13-CV-360, 2015 WL 1243293, at *6 (N.D. Ind. Mar. 17, 2015) ("[T]he Seventh Circuit has repeatedly criticized credibility determinations that are based on a plaintiff's ability to take care of his personal hygiene, children, or household chores.") (citing *Moss*, 555 F.3d at 562). Thus, to the extent that the ALJ based her credibility determination on the Plaintiff's ability to engage in daily living activities without taking into account the qualifications on the Plaintiff's ability to perform them, the Court must remand this case.

The ALJ also discounted the Plaintiff's subjective testimony in part due to the fact that the Plaintiff continued to work for a substantial amount of time following his back surgeries in 2001 and 2009. However, "[t]here is no inherent inconsistency in being both employed and disabled." *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016). "An ALJ is not statutorily required to consider a claimant's work history, but a claimant with a good work record is entitled

9

to substantial credibility when claiming an inability to work because of a disability." *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (internal quotation omitted). "The fact that someone is employed is not proof positive that he is not disabled, for he may be desperate and exerting himself beyond his capacity, or his employer may be lax or altruistic." *Wilder v. Chater*, 64 F.3d 335, 338 (7th Cir. 1995); *see also Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d 914, 918 (7th Cir. 2003) (finding that the Commissioner's argument "would be correct were there a logical incompatibility between working full time and being disabled from working full time"); *Ghiselli*, 837 F.3d at 778 ("Persisting in looking for employment even while claiming to suffer from a painful disability might simply indicate a strong work ethic or overly-optimistic outlook rather than an exaggerated condition."). "A positive work history makes a claimant *more* credible, and a desire to resume work similarly makes a claimant more credible, not less[.]" *Cullinan v. Berryhill*, 878 F.3d 598, 604 (7th Cir. 2017) (internal citations omitted).

In this case, the ALJ "relies upon the faulty premise that if impairments and/or pain were present for years and years and it did not keep Plaintiff from working then, it would not keep him from working now," *Springer v. Colvin*, No. 1:13-CV-185, 2014 WL 3075342, at *7 (N.D. Ind. July 2, 2014). The fact that the Plaintiff continued to work despite his surgeries appears to have weighed against the Plaintiff in the ALJ's determination. (*See* R. 20.) But, "[a] disabled person should not be punished for heroic efforts to work . . . ." *Hawkins*, 326 F.3d at 918; *see also Luttrell v. Berryhill*, No. 1:17-cv-2192, 2018 WL 558541, at *4 S.D. Ind. Jan. 25, 2018 (A plaintiff "should not [be] discredited for attempting to work despite her physical limitations."). Thus, the Court finds that the ALJ inappropriately held the Plaintiff's continued employment against him instead of weighing it in his favor. Although the ALJ may ultimately come to the

same conclusion regarding the Plaintiff's credibility, on remand, the ALJ should weigh the Plaintiff's work history positively rather than as proof that he is not disabled.

Thus, the Court finds that the ALJ placed undue weight on the Plaintiff's daily living activities and improperly held the Plaintiff's work history against him, and the Court does not find sufficient explanation in the record to otherwise support the ALJ's determination.

## CONCLUSION

For the reasons stated above, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on August 15, 2018.

                                            s/ Theresa L. Springmann
                                           CHIEF JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT